UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KEVIN M.,[1]

                    Plaintiff,

      v.

COMMISSIONER, Social Security
Administration,

                 Defendant.

Case No. 3:21-cv-00113-MK

**OPINION
AND ORDER**

_____

**Kasubhai,** United States Magistrate Judge:

Plaintiff Kevin M. seeks judicial review of the action of the Commissioner of the Social

Security Administration ("Commissioner") dismissing Plaintiff's request for review of the Fully

Favorable decision of the Administrative Law Judge ("ALJ"), pertaining to Plaintiff's

application for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). This

Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this

case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No.

7. For the reasons that follow, the Commissioner's final decision is REVERSED and this case is

REMANDED for further proceedings.

_____

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-
government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed his first application for DIB in May 2013 and was denied after a hearing by an Administrative Law Judge ("ALJ") on September 25, 2015. Pl.'s Br. 2, ECF No. 25.; Def.'s Br. 3, ECF. No. 30. Plaintiff's request for review of this decision was denied on June 8, 2017. Pl.'s Br. 11.

Plaintiff filed a second application for DIB on July 14, 2017, alleging disability beginning on September 26, 2015. Tr. 31.[2] The claim was denied initially on September 28, 2017, and upon reconsideration on January 4, 2018. *Id.* Plaintiff requested a hearing before an ALJ, and a hearing was held on April 10, 2019. *Id.* On May 1, 2019, the ALJ issued a fully favorable decision finding that Plaintiff was disabled under the Act. Tr. 27–35.

Plaintiff then filed a request for review of the ALJ's fully favorable decision on August 9, 2019. Tr. 50–52. In his request, Plaintiff asked the Appeals Council to reconsider the appropriate protective filing date. Tr. 65. In the alternative, Plaintiff asks to reopen his prior denied application based on the ALJ's fully favorable finding. Tr. 65. On September 19, 2019, the Appeals Council dismissed the request for review as untimely filed. Tr. 19–23. Plaintiff filed a complaint in the United States District Court for the District of Oregon in response to the dismissal. Tr. 10–12. The Commissioner then filed an unopposed motion to remand because the Appeals Council had informed Agency counsel that it found no record that the Appeals Council had requested an explanation from Plaintiff for his untimely filing. Tr. 15. On July 20, 2020, the Court remanded the case to the Appeals Council for further proceedings. Tr. 11.

On September 3, 2020, the Appeals Council sent a request for Plaintiff to provide information explaining why the August 9, 2019, request for review was untimely filed. Tr. 40–

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

42. Prior to obtaining counsel, Plaintiff mailed one letter on September 9, 2020, and one on

September 16, 2020, responding to the request. Pl's Br. 9, 21. The Appeals Council received

both letters on September 22, 2020. Pl's Br. 29. On November 19, 2020, the Appeals Council

reconsidered the August 9, 2019, request for review and dismissed it after finding no good cause

for its untimely filing. Tr. 1–5. This action followed.

## FACTUAL BACKGROUND

Plaintiff was 64 years old on his alleged onset date. Tr. 31. Plaintiff has at least a high

school education and has past relevant work experience as a publishing director, account/sales

manager, and business consultant. Tr. 39. Plaintiff alleged disability based on the following

severe impairments: neurocognitive disorder, depression, bilateral knee disorder, history of

cerebrovascular accident, and congestive heart failure. Tr. 36.

## LEGAL STANDARD

An individual that receives a final decision by the Commissioner of Social Security may

obtain a review of such decision by a civil action within sixty days after the mailing of the

decision. 42 U.S.C.A § 405(g). The court . . . may at any time order additional evidence to be

taken before the Commissioner of Social Security, but only upon a showing that there is new,

material evidence and good cause for the failure to incorporate such evidence in a prior

proceeding. *Id.* The District Court has jurisdiction to review any "final decision" of the

Commissioner. *Id.*

If a Social Security claimant is dissatisfied with an ALJ decision, the claimant can

request review by the Appeals Council. 20 C.F.R. § 404.900(a)(4). A request for review must be

filed within sixty days after the date the claimant receives notice of the ALJ's decision. 20 C.F.R.

§ 404.968. The Appeals Council may deny or dismiss the request for review, or it may grant the

request and either issue a decision or remand the case to an ALJ. 20 C.F.R. § 404.967. The

Appeals Council will dismiss a request for review if filing was untimely and the time for filing

had not been extended. 20 C.F.R. § 404.971.

### DISCUSSION

Plaintiff asserts that remand is warranted for four reasons: (1) the Agency failed to offer

an early protective filing date for the 2017 claim; (2) the ALJ constructively reopened the prior

claim; (3) good cause existed for the late filing of the request for review; and (4) the August

2019 request constituted a timely request to reopen the ALJ's determination to correct a clerical

mistake.

### I.    The Agency Failed to Provide a Protective Filing Date

The Appeals Council will review a case at a party's request or on its own motion if there

appears to be an abuse of discretion by the ALJ, an error of law, or when the Appeals Council

receives additional evidence that is new and material. 20 C.F.R. § 404.970(a). The Appeals

Council will only review additional evidence when there is also a reasonable probability that the

evidence would change the outcome of the decision. *Id.* If additional evidence is submitted that

does not relate to the period on or before the date of the ALJ hearing decision, the Appeals

council will send a notice explaining why it did not accept the evidence and advise of the

claimant's rights to file a new application. 20 C.F.R. § 404.970(c). If a new application is filed

within 6 months of the Appeals Council's notice denying the submission of additional evidence,

the Appeals Council will use the date that claimant requested Appeals Council review as the

filing date for the new application. 20 C.F.R. § 404.970(c).

Plaintiff requested review of the September 25, 2015, ALJ decision on November 20,

2015. Pl.'s Br. 15. The Appeals Council issued a notice regarding Plaintiff's November 20, 2015

request on June 8, 2017. Pl.'s Br. 11. The notice described additional evidence received in periods both before and after the 2015 ALJ's decision. Pl.'s Br. 12. Plaintiff then filed a new application for benefits on July 14, 2017, less than six months after the June 8, 2017, notice. Tr. 26.; Pl.'s Br. 5. Plaintiff argues that the November 20, 2015, request for review of the September 25, 2015, decision should have been treated as the protective filing date for the later July 14, 2017, application. Pl.'s Br. 5. The error of using the incorrect filing date would be harmful because of the payability of benefits under Title II, which is measured by the protective filing date. *Id.*

The Appeals Council failed to provide an early protective filing date for the July 14, 2017, request. Pl.'s Br. 11–12. The notice of denial received by Plaintiff on June 8, 2017, includes a paragraph addressing additional evidence received from Plaintiff. Pl.'s Br. 12. However, as Plaintiff notes, some of the evidence considered was unrelated to the period on or before the date of the first ALJ decision. Pl.'s Br. 5. Specifically, Plaintiff submitted additional evidence for the periods from November 17, 2015, through November 19, 2015; December 9, 2015, through June 13, 2016; and from November 17, 2015, through November 19, 2017. Pl.'s Br. 12. This additional evidence documented periods of time occurring after the date of the ALJ decision in 2015. Plaintiff filed a new application on July 14, 2017, less than six months after receiving the June 8, 2017, notice. Tr. 26. Pursuant to 20 C.F.R. § 404.970(c), the Appeals Council was required to use November 20, 2015, the date Plaintiff requested review of the September 25, 2015 decision, as the filing date for the new application. Thus, the Appeals Council erred by failing to provide an early protective filing date for the July 14, 2017, request.

## II.    The ALJ Did Not Constructively Reopen the Prior Claim

Federal courts generally do not have jurisdiction to review refusals to reopen claims for disability benefits. *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977). An exception exists "where [Commissioner's] denial of a petition to reopen is challenged on Constitutional grounds. *Id.* at 109. This exception applies to any colorable constitutional claim of due process violation that implicates a due process right to a meaningful opportunity to be heard. *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir.1997). A challenge that is not wholly insubstantial, immaterial, or frivolous raises a colorable constitutional claim. *Boettcher v. Sec'y of Health and Human Serv.*, 759 F.2d 719, 722 (9th Cir.1985).

A determination or decision may be reopened within twelve months of the date of the notice of the initial determination, for any reason, or within four years of the date of the notice of the initial determination if good cause is found. 20 C.F.R. § 404.988(a), (b). Good cause to reopen exists if new and material evidence is furnished. 20 C.F.R. § 404.989.

A prior disability claim is not deemed to have been reconsidered on the merits merely because the evidence reviewed by the ALJ included evidence of the claimant's condition at the time of the previous application. *Girad v. Chater*, 918 F.Supp 42, 44 (D.R.I.1996). If simply reviewing evidence relating to a previous claim is viewed as a reconsideration on the merits, the previous case would be constructively reopened every time a successive claim is filed. *Id.* at 45. Thus, the mere fact that new evidence is considered does not amount to a constructive reopening. *Id.*

Plaintiff argues that the claim should have been treated as protectively filed on November 20, 2015, the date claimant requested review of the September 25, 2015, ALJ decision. Pl.'s Br. 6. If the claim had been protectively filed in November 2015, then the July 14, 2017, application would have been within the four-year reopening period pursuant to 20 C.F.R. § 404.988(b).

Plaintiff states that the ALJ considered evidence dating back to 2014, within the period adjudicated by the prior ALJ's decision. Pl.'s Br. 6. As a result, Plaintiff claims that this submission of evidence back in 2014 constitutes an implicit request to reopen the prior determination. Pl.'s Br. 6–7. Plaintiff argues that by not addressing this implicit request but still considering evidence from an earlier submission, the ALJ constructively reopened the prior application. Pl.'s Br. 7.

The ALJ did not constructively reopen the prior May 2013 application. Plaintiff never requested a reopening of the application.[3] Instead, Plaintiff relies on the ALJ's consideration of previously submitted evidence to constitute an implicit request. Assuming this constituted an implicit request, the ALJ did reopen the prior application based on §§ 404.988(b) and 404.989. However, the court in *Girad* held that the consideration of previously submitted evidence alone would not amount to a constructive reopening. *Girad*, 918 F.Supp at 45. This is exactly what Plaintiff is arguing should constitute an implicit request for a constructive reopening. The Court finds the reasoning provided in *Girard* persuasive. As in *Girard*, this Court concludes that the ALJ did not constructively reopen the prior May 2013 application.

### III.    Good Cause Existed for the Untimely Request for Review

In determining whether good cause exists for an untimely request for review, the Agency considers: (1) what circumstances kept the claimant from making the request on time; (2) whether the Agency's action misled the claimant; (3) whether the claimant understood the requirements of the Act; and (4) whether the claimant had any physical, mental, educational, or linguistic limitations that prevented timely filing of the request or prevented the claimant from

---

[3] In *Kevin M. v. Commissioner*, 3:19-cv-01863-SB (D. Or. May 5, 2020), the Court remanded on the Commissioner's unopposed motion because the Appeals Council informed the Commissioner that it "found no record that it requested an explanation from Plaintiff for his untimely filing."

understanding or knowing about the need to file a timely request for review. 20 C.F.R. § 404.911(a). Examples of circumstances where good cause may exist include, but are not limited to, serious illness that prevent contact with the Agency. 20 C.F.R. § 404.911(b)(1)

Plaintiff argues that good cause exists for his untimely request for review of the May 1, 2019, decision by the ALJ because of a serious illness that prevented contact with the agency. Plaintiff emphasizes that Plaintiff himself did in fact file separate statements dated September 9, 2020, and September 16, 2020, in response to the Agency's September 3, 2020, request for additional information. Pl.'s Reply Br. 3, ECF. 31. In those statements, Plaintiff explained that he failed to timely file an appeal in 2019 due to illness. Plaintiff argues that good cause would exist as a result of Plaintiff's inability to timely file due to medical limitations. 20 C.F.R. § 404.911(a)(4). *Id.*[4]

The November 19, 2020, decision was an abuse of discretion because good cause existed through Plaintiff's medical limitations. Plaintiff, without legal counsel at the time, sent two letters to the Appeals Council in response to the September 3, 2020, request for additional information. Tr. 61–62. Both letters were received by the Appeals Council on September 22, 2020. Tr. 63. Plaintiff provides in his first letter a timeline of his application and appeals to the SSA with an explanation of his request for review. Pl.'s Br. 21. Plaintiff writes in his second letter that he could not timely file the request for review regarding the May 1, 2020, decision because of severe illness. Pl's Br. 29. Specifically, Plaintiff had a bad episode with his congestive heart failure and remained incapacitated in a hospital bed at home. *Id.* Plaintiff cites this illness for his inability to timely appeal the ALJ decision. *Id.* Because Plaintiff had a

---

[4] Plaintiff provides two other grounds for good cause. Pl.'s Br. 8–9. As discussed later, the Court concludes that there is good cause because of serious illness. The Court need not address Plaintiff's remaining arguments.

physical, medical limitation that prevented him from appealing in time, good cause existed for the untimely filing.

The Appeals Council does not address Plaintiff's medical limitations in the November 19, 2020, notice of dismissal. Tr. 4–5. In fact, the notice claims that no further explanation was received in response to the letter sent on September 3, 2020. Tr. 4. Thus, the Appeals Council erred by not considering the letters timely sent by Plaintiff and by not finding good cause pursuant to § 404.911(a)(4) and § 404.911(b)(1).

## IV.    The August 2019 Request Did Not Constitute a Timely Request to Reopen the ALJ's Determination to Correct a Clerical Mistake

A claim can be reopened "[a]t any time" under certain specified conditions, including inter alia, that it is "fully or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made." 20 C.F.R. § 404.988(c)(8).

Plaintiff argues that the August 9, 2019, request for review constituted a request to correct the protective filing date, a mistake akin to a clerical error. Pl.'s Br. 9. Because the statute allows a party to correct a clerical error at any time, Plaintiff claims that the August 9, 2019, request would then be timely. Pl.'s Br. 10.

While the Appeals Council did fail to provide a protective filing date for the 2017 request for review, it is not clerical error. The failure to provide a protective filing date constitutes more than just a clerical mistake. Thus, reopening the case under § 404.988(c)(8) would be improper.

## V.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings

depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court concludes that remand for additional proceedings is the appropriate remedy. The record has not been fully developed. Additional proceedings will likely have utility to address the merits of the case. Accordingly, this case is remanded so the Commissioner can address the merits of the case.

## CONCLUSION

For the reasons above, the Commissioner abused its discretion. Accordingly, the Commissioner's decision is REVERSED and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 15th day of December 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge